LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

GREGORIO PAISAN,
*on behalf of himself, FLSA Collective Plaintiffs and the Class*,

        Plaintiff,

    v.

THE CLEAN DOCTORS OF NEW YORK, LTD. and JASON NOGIN,

        Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

---

      Plaintiff, GREGORIO PAISAN (hereinafter, "Plaintiff"), on behalf of himself, FLSA Collective Plaintiffs and the Class, by and through his undersigned attorneys, hereby files this Complaint against Defendants, THE CLEAN DOCTORS OF NEW YORK, LTD. (hereinafter, "Corporate Defendant") and JASON NOGIN (hereinafter, "Individual Defendant," and together with Corporate Defendant, "Defendants"), and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid overtime compensation, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid overtime compensation, (2) unpaid minimum wage, (3) statutory penalties, (4) liquidated damages and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff GREGORIO PAISAN is a resident of Queens County, New York.

6. Corporate Defendant THE CLEAN DOCTORS OF NEW YORK, LTD. is a domestic business corporation organized under the laws of New York, with a principal place of business located at 3442 Poplar Street, Oceanside, New York 11572 and an address for service of process located at 45 John Street, Suite 711, New York, New York 10038.

7. Individual Defendant JASON NOGIN is the owner and senior executive officer of Corporate Defendant THE CLEAN DOCTORS OF NEW YORK, LTD. JASON NOGIN exercised control over employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. JASON NOGIN exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules, and (iv) otherwise affect the quality of

employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to JASON NOGIN regarding any of the terms of their employment, and JASON NOGIN would have the authority to effect any changes to the quality and terms of employees' employment. JASON NOGIN ensured that employees effectively serve customers and that the business is operating efficiently and profitably. JASON NOGIN exercised functional control over the business and financial operations of Corporate Defendant.

8. At all relevant times, Corporate Defendant THE CLEAN DOCTOS OF NEW YORK, LTD. was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the Regulations thereunder.

9. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members were directly essential to the business operated by Defendants.

10. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including, but not limited to general cleaners, maintenance professionals and janitors) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay

them proper overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

13.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

### **RULE 23 CLASS ALLEGATIONS – NEW YORK**

14.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including, but not limited to general cleaners, maintenance professionals and janitors) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

15.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number

4

are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

17. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay minimum wage, (ii) failing to pay overtime compensation, (iii) failing to provide proper wage statements per requirements of the New York Labor Law, and (iv) failing to provide proper wage and hour notices, at date of hiring and annually, per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

19. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions

engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

21. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants employed Plaintiff and Class members within the meaning of the New York law;

(b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

(c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class members for their work;

(d) Whether Defendants properly notified Plaintiff and Class members of their regular hourly rate and overtime rate;

(e) Whether Defendants improperly paid Plaintiff and Class members on a fixed salary basis, when New York law requires that all non-exempt employees be paid on an hourly basis;

(f) Whether Defendants paid Plaintiffs and Class members the proper minimum wage under the New York Labor Law;

(g) Whether Defendants paid Plaintiff and Class members the proper overtime compensation under the New York Labor Law;

(h) Whether Defendants provided proper wage statements to Plaintiff and Class members per requirements of the New York Labor Law; and

(i) Whether Defendants provided proper wage and hour notices to Plaintiff and Class members, at date of hiring and annually, per requirements of the New York Labor Law.

**STATEMENT OF FACTS**

22.     On or about July 17, 2005, Plaintiff GREGORIO PAISAN was hired by Defendants and/or their predecessors, as applicable, to work as a general cleaner for Defendants' maintenance and cleaning business, "The Clean Doctors of New York."

23. Throughout Plaintiff GREGORIO PAISAN's employment with Defendants, Defendants sent him to work at the Morton Williams Supermarket located at 1565 1st Avenue, New York, NY 10028.

24.     Plaintiff GREGORIO PAISAN worked for Defendants until on or about November 12, 2016. Defendants never clocked in or clocked for Plaintiff GREGORIO PAISAN. Additionally, no lunch break was provided during GREGORIO PAISAN's employment.

25.     Throughout his employment with Defendants, Plaintiff GREGORIO PAISAN regularly worked 48 hours per week for 6 days per week from 11:00 p.m. to 7:00 a.m. The FLSA Collective Plaintiffs and Class members have similar work schedules.

26.     Throughout his employment with Defendants, Plaintiff GREGORIO PAISAN was paid on a fixed salary basis of $400 per week from the start of his employment until January 2007 regardless of actual hours worked. Plaintiff GREGORIO PAISAN was paid on a fixed salary basis of $850 bi-weekly from January 2007 until January 2015 regardless of actual hours worked. Plaintiff GREGORIO PAISAN was paid on a fixed salary basis of $900 bi-weekly from January 2015 until November 2016 regardless of actual hours worked. However, there was never any understanding that the fixed salary was intended to cover any overtime hours worked by Plaintiff GREGORIO PAISAN. The FLSA Collective Plaintiffs and Class members were similarly paid on a fixed salary basis at similar rates.

27. Throughout his employment with Defendants, Plaintiff GREGORIO PAISAN was paid randomly in cash or personal check.

28. At all relevant times, Plaintiff, FLSA Collective Plaintiffs and Class members regularly worked over forty (40) hours per week, but Defendants failed to pay them the proper overtime compensation in violation of the FLSA and NYLL.

29. During relevant times, Defendants paid Plaintiff and Class members at regular rates below the prevailing minimum wage in violation of the NYLL.

30. At no time during the relevant time periods did Defendants provide Plaintiff or Class members with proper wage and hour notices or wage statements as required by NYLL. In fact, Defendants failed to provide Plaintiff and Class members with any wage statements.

31. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked in excess of forty (40) hours per week.

32. Defendants knowingly and willfully operated their business with a policy of not paying the New York State minimum wage to Plaintiff, FLSA Collective Plaintiffs and Class members.

33. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class members, in violation of the NYLL.

34. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to Plaintiff and Class members, at the beginning of employment and annually thereafter, in violation of the NYLL.

35. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

36. Plaintiff realleges and reavers Paragraphs 1 through 35 of this class and collective action Complaint as if fully set forth herein.

37. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

38. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

39. At all relevant times, Corporate Defendant, THE CLEAN DOCTORS OF NEW YORK, LTD., had gross revenues in excess of $500,000.

40. At all relevant times, the Defendants had a policy and practice of failing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

41. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the

statutory overtime rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

42. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

43. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

44. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime compensation, plus an equal amount as liquidated damages.

45. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

46. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**

**VIOLATION OF THE NEW YORK LABOR LAW**

47. Plaintiff realleges and reavers Paragraphs 1 through 46 of this class and collective action Complaint as if fully set forth herein.

48. At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

49. Defendants knowingly and willfully violated Plaintiff's and Class members' rights by failing to pay them the proper overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

50. Defendants knowingly and willfully violated Plaintiff's and Class members' rights by failing to pay them minimum wage in the lawful amount for hours worked.

51. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices, at the date of hiring and annually thereafter, to Plaintiff and Class members, in violation of the New York Labor Law.

52. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class members, in violation of the New York Labor Law.

53. Defendants willfully violated Plaintiff's and Class members' rights by paying them on a fixed salary basis, in violation of the New York Labor Law because they are non-exempt employees who must be paid on an hourly basis.

54. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime compensation, unpaid minimum wage, damages for unreasonably delayed payments, statutory penalties, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and NYLL;

d. An award of unpaid minimum wage due under the NYLL;

e. An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to the FLSA;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage pursuant to the NYLL;

h. An award of prejudgment and postjudgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

j. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

k. Designation of this action as a class action pursuant to F.R.C.P. 23;

l. Designation of Plaintiff as Representative of the Class; and

  m. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: March 19, 2018      Respectfully submitted,

                <u>/s/ C.K. Lee</u>
                C.K. Lee, Esq.

                LEE LITIGATION GROUP, PLLC
                C.K. Lee (CL 4086)
                Anne Seelig (AS 3976)
                30 East 39th Street, Second Floor
                New York, NY 10016
                Tel.: (212) 465-1188
                Fax: (212) 465-1181

                *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*